**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IN RE:

    NOBLE INTERNATIONAL, LTD., et al.,    Bankr. Case No. 09-51720-mbm
                                                               Case No. 09-CV-12098-DT

_____/

**ORDER GRANTING IN PART EMERGENCY MOTION TO STAY
AND STAYING CLOSING OF SALE UNTIL CONTINUED HEARING DATE**

On May 29, 2009, the Bankruptcy Court held a hearing at which the court approved a sale of stock in Noble European Holdings BV to ArcelorMittal per the terms of an Asset Purchase Agreement. The Official Committee of Unsecured Creditors (the "Committee") has appealed this decision and seeks a stay of the closing of the sale until the court can resolve the appeal. The motion for a stay is opposed by the Debtors[1] and ArcelorMittal. The court conducted a hearing on the matter on June 3, 2009. For the reasons stated below, as well as on the record, the court will grant in part the motion and issue a stay until the court can review the transcript of the May 29, 2009 hearing of the Bankruptcy court.

---

[1] The Debtors in these cases include Noble International, Ltd., Case No. 09-51720; Noble Advanced Technologies, Inc., Case No. 09-51730; Noble Land Holdings, Inc., Case No. 09-51732; Noble Manufacturing Group, Inc., Case No. 09-51734; Noble Metal Processing – Kentucky, G.P.; Case No. 09-51735; Noble Metal Processing, Inc., Case No. 09-51737; Noble Metal Processing – Indiana, Inc., Case No. 09-51738; Noble Metal Processing – New York, Inc., Case No. 09-51741; Noble Metal Processing, Ohio, LLC, Case No. 09-51742; Noble Metal Processing – West Michigan, Inc., Case No. 09-51744; Noble Swiss Holdings, LLC, Case No. 09-51745; Noble TSA, LLC, Case No. 09-51746; Noble Tube Technologies, LLC, Case No. 09-51748; Prototech Laser Welding, Inc. (d/b/a LWI Laser Welding International), Case No. 09-51751; and Tailor Steel America, LLC, Case No. 09-51752.

The parties agree on the appropriate standard for determining whether to grant a stay pending an appeal of a bankruptcy court order. Specifically, motions for stays pending appeal are governed by Federal Rules of Bankruptcy Procedure 8005 and 7062. Under Bankruptcy Rule 8005 this court has discretion to "suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Fed. R. Bankr. P. 8005. Bankruptcy Rule 7062 states that Federal Rule of Civil Procedure 62 applies in adversary proceedings. Fed. R. Bankr. P. 8005.

The factors this court must consider in determining whether to grant a stay in a bankruptcy appeal are the same factors considered in determining whether to grant an injunction. *In re Grand Traverse Dev. Co. Ltd. P'ship,* 151 B.R. 792, 796 (W.D. Mich. 1993). The court's consideration requires the balancing of four factors: (i) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (ii) the likelihood that the moving party will be irreparably harmed absent a stay; (iii) the prospect that others will be harmed if the court grants the stay; and (iv) the public interest in granting the stay. *See, e.g., Michigan Coalition of Radioactive Material Users, Inc.v. Griepentrog*, 945 F.2d 150 (6th Cir. 1991); *In re Grand Traverse*, 151 B.R. at 796.

After reviewing these factors, the court is persuaded that a limited stay should issue until the court can review the transcript of the May 29, 2009 hearing. Until the court can review the transcript, the court cannot determine whether the closing should be stayed pending resolution of the appeal. Specifically, the court cannot make an

informed determination on likelihood of success on the merits without the benefit of reviewing the Bankruptcy Court's factual findings.[2]

Based on the records thus far presented, the court is convinced that a balancing of the relevant factors weighs in favor of granting a stay until the transcript can be produced. In considering these factors, the court is mindful that they "should be balanced in light of the overall circumstances of the case." *In re Grand Traverse*, 151 B.R. at 796 (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)). Here, the overwhelming consideration, in light of the procedural history of the case, is the balancing of the harms which would occur if the court were to rule prematurely without the benefit of the transcript. Most significantly, in the event the closing were to occur prior to a review of the transcript, the appeal would be mooted and the Committee would suffer irrevocable harm.[3] Conversely, the court is not persuaded that the Debtors face a high likelihood of harm in the event a stay is granted for this limited time period. The court is specifically not precluding any party involved in the sale from proceeding in

---

[2] The court rejects the Debtors' argument that because the court cannot review the transcript, the Committee's motion must fail because they cannot show a likelihood of success on the merits. Indeed, at this point, the only record of the Bankruptcy Court's findings are contained within the May 14, 2009 hearing, which is insufficient to show any factual bases for the court's findings. If the court were restricted to looking solely at that transcript, the court would find that the Committee had a strong likelihood of success on the merits, due to the lack of evidentiary support for the Bankruptcy Court's findings. However, the parties agree that the Bankruptcy Court indeed considered substantial testimony and evidence at the May 29, 2009 hearing. Thus, the court will issue a stay only until the transcript can be produced and the court can review the findings of the May 29 hearing, rather than the "findings" of the May 14 hearing.

[3] The court notes that the public, too, has an interest in a full and fair review of Bankruptcy Court orders regarding such sales, and neither the sale nor the review should be rushed or finalized without all necessary information.

3

any necessary step toward achieving their ultimate goal of a July 8, 2009 closing. The only event which will be stayed is the final closing of the sale. The parties may continue to undergo their due diligence as well as conduct any necessary discovery.[4]

After considering the relevant factors, with a particular focus on the balancing of harms, the court will grant the Committee's motion in part. Accordingly,

IT IS ORDERED that the June 3, 2009 hearing on the Committee's Motion to Stay [Dkt. #2] is CONTINUED until **June 11, 2009 at 2:00 p.m.** The Committee is DIRECTED to submit a copy of the May 29, 2009 transcript to the court by **June 8, 2009**. It the parties wish to file any supplemental briefing, they may do so on or before **June 10, 2009** (although they are not required to file anything further).

In the meantime, the Committee's Motion to Stay [Dkt. # 2] is GRANTED IN PART. Specifically, the final closing of the sale authorized by the Bankruptcy Court between Noble European Holdings BV and ArcelorMittal is STAYED until **June 12, 2009**.

                                s/Robert H. Cleland
                                ROBERT H. CLELAND
                                UNITED STATES DISTRICT JUDGE
Dated: June 4, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 4, 2009, by electronic and/or ordinary mail.

---

[4]Toward that end, the parties are instructed to comply with any outstanding discovery obligations forthwith. The court will closely question counsel as to whether they have fulfilled their obligations at the June 11, 2009 hearing. Indeed, a failure to turn over relevant and discoverable documents may impact the court's analysis of a likelihood of success on the merits.

<u>s/Lisa Wagner</u><br>
Case Manager and Deputy Clerk<br>
(313) 234-5522

6/4/09:S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-12098.NOBLE.Stay.chd.wpd